IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 12, 2024

**STATE OF TENNESSEE v. HERBERT EUGENE EWING**

**Appeal from the Criminal Court for Knox County**
**No. 125514   Steven Wayne Sword, Judge**

_____

**No. E2023-01705-CCA-WR-CO**
_____

Herbert Eugene Ewing, Movant, filed a motion pursuant to Tennessee Code Annotated section 39-17-432(h) (2022), seeking resentencing of his guilty-pleaded conviction for possession of 0.5 grams or more of cocaine with intent to sell or deliver within one thousand feet of a park, for which he was sentenced as a Range III persistent offender to serve the entire minimum twenty-year sentence for a Class B felony. Following a hearing, the trial court found that it could not resentence Movant to a lower release eligibility because release eligibility does not affect the length of the sentence and denied the motion. We grant certiorari to vacate the trial court's order denying the motion for resentencing and remand for further proceedings consistent with this opinion.

**Writ of Certiorari; Judgment of the Criminal Court Vacated; Case Remanded**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which J. ROSS DYER and MATTHEW J. WILSON, JJ., joined.

Herbert Eugene Ewing (on appeal), Only, Tennessee, pro se; and George Edward S. Pettigrew (at resentencing hearing), Knoxville, Tennessee, for the appellant, Herbert Eugene Ewing.

Jonathan Skrmetti, Attorney General and Reporter; Ronald L. Coleman, Senior Assistant Attorney General; J. Katie Neff, Assistant Attorney General (*pro hac vice*); Charme P. Allen, District Attorney General; and TaKisha Fitzgerald, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On July 31, 2018, the Knox County Grand Jury returned a seven-count indictment in Case No. 113540 charging Movant with one count each of Class B felony possession with intent to sell or deliver 0.5 grams or more of a substance containing cocaine within

one thousand feet of the real property that comprised a park, in violation of Tennessee Code Annotated sections 39-17-432 and 39-17-417 (Count I), Class E felony-third offense simple possession (Count II), Class D felony-possession of a weapon during the commission of a dangerous felony (Count III), Class B felony-felon in possession of a firearm (Count IV), and Class A misdemeanor-possession of paraphernalia (Count V). Also dismissed were two counts of Criminal Gang Offense Enhancement (Counts VI and VII), one related to the drug offense for which Movant pleaded guilty (Count I) and the other related to the felon in possession of a firearm offense (Count IV). On November 9, 2020, Movant pleaded guilty to Count I, and pursuant to the terms of the plea agreement, the trial court sentenced Movant as a Range III persistent offender to serve twenty years—the minimum sentence for a Class B felony—with a one hundred percent release eligibility and dismissed the remaining counts of the indictment.

In July 2023, Movant filed a pro se motion for resentencing pursuant to Tennessee Code Annotated section 39-17-432(h) (the "Motion"). The Motion stated that "[e]vidence will be presented that the drug crime or crimes were committed inside five hundred feet (500′) of the Babe Ruth Park" and that Babe Ruth Park "was unsuitable for park purposes[,] condemned for park uses[,] and unsafe for recreational activity." The Motion claimed that the "record contains no evidence regarding the presence or absence of persons in relation to the alleged drug transactions" and that there "is a rebuttable presumption that Movant did not expose vulnerable persons to the distraction and dangers incident to the occurrence of drug activity."

The trial court appointed counsel and ordered a post-sentence report to be prepared. On October 27, 2023, the trial court held a resentencing hearing. The post-sentence report was admitted as Exhibit 1. No testimony or other evidence was presented. After statements by counsel, the trial court announced that there was "a legal issue that prohibits [him] from changing" Movant's sentence. The court then stated:

> So, you pled guilty in this case docket number 113540 to Count Number 1. And you took a 20-year sentence as a Range III persistent offender. And the minimum sentence under the drug-free school zone [] has to be served at 100[-]percent. Well, if you look at Count 1, what it says is [] that you possessed more than a half a gram of a substance containing [cocaine] within 1,000 feet of the real property that comprises a park, not a school.
> And so, what a park does, a park makes it 100-percent sentence, but it doesn't increase it [] a felony level. Like if -- if this had been within the [school] zone it would have taken you from a B felony to an A felony sentence. And that's when you can get a shorter sentence. But a B felony as a Range III persistent offender starts at 20 years. And when they changed

this law and said that -- it says the [c]ourt shall hold an evidentiary hearing on the motion, which is what we're doing now, at which time the defendant and District Attorney may present evidence -- and we've received that. It says the defendant shall bear the burden of proof to show the defendant would be sentenced to a shorter period of confinement under the statute if the defendant's offense had occurred on or after September 1, 2020.

The problem that you've got is, you got the minimum sentence for a B felony. And if this had been a school, it would have been an A felony and then you could get a resentence. But because it was a park and not a school, I can't give you a shorter sentence. And so you're stuck. [Y]ou got the minimum sentence that you can get on this. I know if it wasn't under a park it wouldn't be 100[-]percent, but that doesn't affect the length of the sentence. That's just when you're parole eligible. That's not what the statute does. So, unfortunately for you, had this been a school I could have resentenced you. But since it's a park and you got the minimum. I can't resentence you under the law.[1]

Following the court's announcement, neither the State nor counsel for Movant objected or requested to present evidence or call witnesses.

On December 4, 2023, Movant filed a pro se notice of appeal in which he acknowledged that Tennessee Rule of Appellate Procedure 3 does not provide an appeal as of right and requested that the "improperly filed notice of appeal be treated as a petition for writ of certiorari." This court granted Movant the right to proceed in accordance with the appellate rules "in order for this court to determine whether a writ of certiorari should issue to provide review of the trial court's order."

**Analysis**

On appeal, Movant claims that the trial court "erred in its statutory interpretation of Tennessee [C]ode [A]nnotated section 39-17-432(h)" and acted "illegally or arbitrarily based on the trial court abusing its discretion by failing to follow 'the essential requirements of law' and by failing to weigh and apply" the statutory factors "to determine if the interests of justice supported a shorter sentence." The State claims that Movant is not entitled to a writ of certiorari for the trial court's "refusal to resentence him under the Drug-Free School Zone Act when [Movant]'s sentence resulted from a negotiated plea

---

[1] The above-quoted language is taken from Vol. 1 of the Transcript of Proceedings that, for reasons unknown to this court, omits almost all punctuation. Rather than continuously bracketing periods, commas, and apostrophes, we have inserted punctuation in places where the trial court obviously intended it be included.

agreement of 20 years' confinement at 100[-]percent in exchange for the dismissal of 15 charges, including gun felonies and gang enhancements."

**Standard of Review**

A defendant does not have an appeal as of right from the denial of a motion for resentencing filed pursuant to Tennessee Code Annotated section 39-17-432(h). *State v. Bobo*, 672 S.W.3d 299, 302-03 (Tenn. Crim. App. 2023); *State v. Billingsley*, No. E2022-01419-CCA-R3-CD, 2023 WL 4417531, at *1 (Tenn. Crim. App. July 10, 2023), *perm. app. denied* (Tenn. Nov. 20, 2023). Following the issuance of *Bobo*, panels of this court have treated a defendant's appeal from the denial of a motion for resentencing as a petition for a? writ of certiorari. *See State v. Patton*, No. M2023-00801-CCA-WR-CO, 2024 WL 634887, at *1 (Tenn. Crim. App. Feb. 15, 2024), *no perm. app. filed*; *State v. Potee*, No. M2023-00179-CCA-R3-CD, 2024 WL 748606, at *4 (Tenn. Crim. App. Feb. 23, 2024), *no perm. app. filed*; *State v. Parker*, No. E2023-00149-CCA-R3-CD, 2024 WL 1708343, at *3 (Tenn. Crim. App. Apr. 22, 2024), *no perm. app. filed*. A writ of certiorari may be granted "whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy." Tenn. Code Ann. § 27-8-101. One ground under which certiorari lies is "[w]here no appeal is given[.]" Tenn. Code Ann. § 27-8-102(a)(2).

Because Movant has no right of appeal and no other "plain, speedy, or adequate remedy" from the denial of the Motion, we will treat Movant's notice of appeal as a petition for writ of certiorari in order for this court to determine whether a writ should be issued to provide review of the trial court's order. *See Potee*, 2024 WL 748606, at *4 (treating a notice of appeal from the denial of a motion for resentencing as a petition for writ of certiorari).

**History of the Drug-Free School Zone Act[2]**

***1995 Act.*** In 1995, the Tennessee General Assembly enacted the Drug-Free School Zone Act ("the Act") "to create Drug-Free School Zones for the purpose of providing all students in this [s]tate an environment in which they can learn without the distractions and dangers that are incident to the occurrence of drug activity in or around school facilities." Tenn. Code Ann. § 39-17-432(a) (Supp. 1995). If a defendant was convicted of a drug offense that occurred within one thousand feet of "the real property that comprises a public

---

[2] We will refer to the original version of the Drug-Free School Zone Act as the 1995 Act. We will refer to the later versions of the Act by the year in which the Act was significantly amended, e.g., 2005 Act, 2020 Act, and 2022 Act.

or private elementary school, middle school or secondary school" (herein "School Properties"), the Act required a trial court to punish the defendant by enhancing the sentence range one classification higher (herein "one classification enhancement"), Tenn. Code Ann. § 39-17-432(b) (Supp. 1995), and to order the defendant "to serve at least the minimum sentence for such defendant's appropriate range of sentence" (herein "minimum sentence"). Tenn. Code Ann. § 39-17-432(c) (Supp. 1995).

*2005 Act*.  In 2005, the General Assembly amended the Act to expand the list of real property to include "a preschool, childcare center, public library, recreational center or park" (herein "Non-School Properties") and changed the name of the prohibited zone to "drug-free zone."  Tenn. Code Ann. § 39-17-432(a), (b)(1) (2005).  Under the 2005 Act, one classification enhancement and minimum sentencing were still required for drug offenses committed in the drug-free zone of school properties, but a defendant who committed a drug offense within the drug-free zone of non-school properties was not "*subject to additional incarceration.*"  Tenn. Code Ann. § 39-17-432(b)(3) (2005) (emphasis added).  Our supreme court in 2022 held that "additional incarceration" only referred to one classification enhancement and "did not alter mandatory minimum sentencing for offenses committed in a drug-free zone[.]"  *State v. Linville*, 647 S.W.3d 344, 355 (Tenn. 2022).

*2020 Act.*  In 2020, the General Assembly amended the Act by deleting the language "and mandatory minimum sentences required" and substituting instead "sentences authorized."  Tenn. Code Ann. § 39-17-432(a) (2020).  The 2020 amendments reduced the area encompassed by drug-free zones and provided trial courts discretion in imposing one classification enhancement.  Subsection 432(b)(1) provided:

> (1) A violation of § 39-17-417, or a conspiracy to violate the section, may be punished one (1) classification higher than is provided in § 39-17-417(b)-(i) if the violation or the conspiracy to violate the section occurs:
>
> > (A) On the grounds or facilities of any school; or
>
> > (B) Within five hundred feet (500′) of or within the area bounded by a divided federal highway, whichever is less, the real property that comprises a public or private elementary school, middle school, secondary school, preschool, child care agency, public library, recreational center, or park.

Tenn. Code Ann. § 39-17-432(b)(1) (2020).

Subsection 39-17-432(c) was also amended to provide trial courts with *limited* discretion in requiring a defendant to fully serve the minimum sentence. Subsection 432(c) stated:

> (c)(1) Notwithstanding any other law or the sentence imposed by the court to the contrary, a defendant sentenced for a *violation of subsection (b) may be required to serve at least the minimum sentence* for the defendant's appropriate range of sentence.
>
> (2) There is a *rebuttable presumption* that a defendant is *not required to serve at least the minimum sentence* for the defendant's appropriate range of sentence. The rebuttable presumption is overcome if the court finds that *the defendant's conduct exposed vulnerable persons to the distractions and dangers that are incident to the occurrence of illegal drug activity*.
>
> (3) If the defendant is required to serve at least the minimum sentence for the defendant's appropriate range of sentence, any sentence reduction credits the defendant may be eligible for or earn must not operate to permit or allow the release of the defendant prior to full service of the minimum sentence.

Tenn. Code Ann. § 39-17-432(c) (2020) (emphasis added). The Act, as amended in 2020, applied only to drug offenses committed *on or after* September 1, 2020, and did not create any right for a defendant to seek resentencing for an offense committed before that date.

**2022 Act**. In 2022, the General Assembly amended Tennessee Code Annotated section 39-17-432 by adding a new subsection (h), which became effective on April 29, 2022. Whereas the 2020 amendments to the Act only applied to defendants who committed a drug offense *after* September 1, 2020, the new subsection (h) allowed defendants convicted of a drug offense in a drug-free school zone before July 1, 2005, or in a drug-free zone from July 1, 2005, to August 31, 2020, to seek resentencing. Subsection 432 (h) provided:

> (h)(1) Notwithstanding subsection (d) or (e) or any other law to the contrary, the court that imposed a sentence for an offense committed under this section that occurred prior to September 1, 2020, may, upon motion of the defendant or the district attorney general or the court's own motion, resentence the defendant pursuant to subsections (a)-(g). The court shall hold an evidentiary hearing on the motion, at which the defendant and district attorney general may present evidence. The defendant shall bear the burden of proof to show that the defendant would be sentenced to a shorter period of

confinement under this section if the defendant's offense had occurred on or after September 1, 2020.  The court shall not resentence the defendant if the *new sentence* would be greater than the sentence originally imposed or if the court finds that resentencing the defendant would not be in the interests of justice.  In determining whether a new sentence would be in the interests of justice, the court may consider:

> (A) The defendant's criminal record, including subsequent criminal convictions;

> (B) The defendant's behavior while incarcerated;

> (C) The circumstances surrounding the offense, including, but not limited to, whether the conviction was entered into pursuant to a plea deal; and

> (D) Any other factors the court deems relevant.

(2) If the court finds that the defendant is indigent, using the criteria set out in § 40-14-202(c), the court shall appoint counsel to represent the defendant on such a motion.

(3) The court shall not entertain a motion made under this subsection (h) to resentence a defendant if:

> (A) A previous motion made under this subsection (h) to reduce the sentence was denied after a review of the motion on the merits;

> (B) Resentencing the defendant to a shorter period of confinement for this offense would not reduce the defendant's overall sentence or lead to an earlier release; or

> (C) The defendant has previously applied to the governor for a grant of executive clemency on or after December 2, 2021, for the same offense and has been denied.

(4) This subsection (h) does not require a court to reduce any sentence pursuant to this section.

Tenn. Code Ann. § 39-17-432(h) (2022) (emphasis added).

### *Movant's 2018 Sentence*

When Movant entered his guilty plea and still today, the sentence range for a Range III persistent offender convicted of a Class B felony was "not less than twenty (20) nor more than thirty (30) years." Tenn. Code Ann. § 40-35-112(c)(2) (2018). Because Movant's 2018 drug offense occurred within the drug-free zone of Non-School Property, i.e., a park, the trial court had no discretion in sentencing Movant to fully serve the entire twenty-year minimum sentence. *See* Tenn. Code Ann. § 39-17-432(b)(3), (c) (2005).

### *Motion for Resentencing*

In the Motion, Movant claimed that "[e]vidence will be presented that the drug crime or crimes were committed inside five hundred feet (500′) of the Babe Ruth Park" and that the Babe Ruth Park "was unsuitable for park purposes[,] condemned for park uses[,] and unsafe for recreational activity."[3] Movant also claimed that the "record contains no evidence regarding the presence or absence of persons in relation to the drug activity[.]" Movant's claims are not evidence, and no proof concerning the circumstances of Movant's conduct or the distance the drug offense occurred from the park was presented at the resentencing hearing.

### *Movant's Resentencing Hearing*

Upon the filing of the Motion, the trial court was required to "hold an evidentiary hearing" at which Movant and the State "may present evidence." Tenn. Code Ann. § 39-17-432(h)(1) (2022). After the State introduced the post-sentence report, the trial court denied the Motion, stating:

> I know if it wasn't under a park it wouldn't be 100[-]percent, but that doesn't affect the length of the sentence. That's just when you're parole eligible. That's not what the statute does. So, unfortunately for you, had this been a school I could have resentenced you. But since it's a park and you got the minimum. I can't resentence you under the law.

---

[3] For offenses committed after September 1, 2020, a drug offender could only be ordered to serve the entire minimum sentence if the offense occurred "on the grounds or facilities of any school" or "within five hundred feet (500′) of or within the area bounded by a divided federal highway, whichever is less, the real property that comprises a public or private elementary school, middle school, secondary school, preschool, child care agency, public library, recreational center, or park" and the rebuttable presumption was overcome. Tenn. Code Ann. § 39-17-432(b)(1)(A)-(B), (c)(2).

In 2022, the Legislature amended the Act to make resentencing possible for an offender whose sentence was mandatorily enhanced based on the distance that the drug offense occurred from School Properties or Non-School Properties. The Legislature placed the burden of proof on the defendant to show that the defendant "would be sentenced to a *shorter period of confinement*" if the offense had occurred on or after September 1, 2020. Tenn. Code Ann. § 39-17-432(h)(1) (2022) (emphasis added). Trial courts were given discretion to resentence a defendant where the *new sentence* would "*reduce the defendant's overall sentence* or *lead to an earlier release*[.]" Tenn. Code Ann. § 39-17-432(h)(3)(B) (2022) (emphasis added). Trial courts were not permitted to "resentence the defendant if the *new sentence* would be greater than the sentence originally imposed" and were not required to resentence the defendant "if the court [found] that resentencing the defendant would not be in the interests of justice." Tenn. Code Ann. § 39-17-432(h)(1) (2022) (emphasis added).

The purpose of resentencing under Subsection 432(h) is to permit a trial court to impose a *new sentence* on a defendant whose original sentence was enhanced based solely upon the distance the drug offense occurred from School Properties or Non-School Properties. *See State v. Watson,* No. E2022-01321-CCA-R3-CD, 2023 WL 5925717, at *7 (Tenn. Crim. App. Sept. 12, 2023) (sentence imposed following a section 432(h) resentencing hearing was a new sentence), *no perm app. filed*; *State v. Parker*, No. E2023-00149-CCA-R3-CD, 2024 WL 1708343, at *2 (Tenn. Crim. App. Apr. 22, 2024) (citing *Watson* as "holding . . . that Tennessee Rule of Appellate Procedure 3(b) 'allows an appeal when a defendant is *granted* a resentencing because the resentencing will produce a new sentence with an amended final judgment'"), *no perm. app. filed*. When a trial court resentences a defendant pursuant to Tennessee Code Annotated section 39-17-432(h), the court is not amending or modifying the original sentence; the trial court is vacating the defendant's original sentence, including its corresponding release eligibility, and imposing a *new sentence with a new release eligibility*. Tenn. Code Ann. § 39-17-432(h)(1) (2022).

We hold that trial courts eligible to "entertain" resentencing motions under Tennessee Code Annotated section 39-17-432(h)(3) (2022), have discretion to resentence defendants who, prior to September 1, 2020, were ordered to serve the entire minimum sentence for the appropriate range of sentence and to impose a *new sentence* that would not "be greater than the sentence originally imposed." Tenn. Code Ann. § 39-17-432(h)(1) (2022).[4]

---

[4] From July 1, 1995, through June 30, 2005, the Act only applied to defendants who committed drug offenses within the drug-free zone of School Properties. Tenn. Code Ann. § 39-17-432(b) (1995). After July 1, 2005, defendants who committed drug offenses within the drug-free zone of Non-School Properties were not subject to one classification enhancement under Tennessee Code Annotated section 39-17-432(b)(3) based upon the holding in *Linville*, 647 S.W.3d at 355-56. *See* Tenn. Code Ann. § 39-17-432(b)(3) (2005, 2020, 2022). Thus, if trial courts could not resentence defendants who, prior to September

### *Remand*

We grant the petition for writ of certiorari for the purpose of remanding the case to the trial court for an evidentiary hearing. "The defendant shall bear the burden of proof to show that the defendant would be sentenced to a shorter period of confinement under this section if the defendant's offense had occurred on or after September 1, 2020." Tenn. Code Ann. § 39-17-432(h)(1) (2022). At the hearing, the trial court should determine if Movant's drug offense occurred "within five hundred feet (500′) of or within the area bounded by a divided federal highway, whichever is less, the real property that comprises a . . . park." Tenn. Code Ann. § 39-17-432(b)(1)(B) (2020).[5] If the court finds that the offense occurred within 500′ of a park, then the court should determine whether Movant's conduct "exposed vulnerable persons to the distractions and dangers that are incident to the occurrence of illegal drug activity." Tenn. Code Ann. § 39-17-432(c)(2) (2020). If Movant's conduct *did not* expose vulnerable persons to such dangers, Movant is presumed not to be "required to serve at least the minimum sentence" for Movant's appropriate range of sentence. *Id*. The court may then consider the following factors to determine whether a new sentence would be in the interests of justice:

> (A) The defendant's criminal record, including subsequent criminal convictions;
>
> (B) The defendant's behavior while incarcerated;
>
> (C) The circumstances surrounding the offense, including, but not limited to, whether the conviction was entered into pursuant to a plea deal; and
>
> (D) Any other factors the court deems relevant.

Tenn. Code Ann. § 39-17-432(h)(1) (A)-(D) (2022). If the court finds that resentencing would not be in the interests of justice, it should deny the Motion. We specifically note

---

1, 2020, were ordered to serve the entire minimum sentence for the appropriate range, then only defendants convicted of drug offenses within the prohibited zone of school properties whose sentences were enhanced one classification higher would be eligible for resentencing. In our opinion, such a construction would not be reasonable and would unduly restrict the intended scope of Tennessee Code Annotated section 39-17-432(h). *Owens* v. *State*, 908 S.W.2d 923, 926 (Tenn. 1995).

[5] The Motion stated that "[e]vidence will be presented that the drug crime or crimes were committed inside five hundred feet (500′) of the Babe Ruth Park." If the offense had not been committed within five hundred feet (500′) of the Babe Ruth Park, the court would not need to engage in the rebuttable presumption analysis and determine if the imposition is in the interests of justice.

that subsection (h)(4) gives the court very broad discretion not to reduce any sentence. Tenn. Code Ann. § 39-17-432(h)(4) (2022).

## Conclusion

We vacate the trial court's denial of the Motion for Resentencing and remand the case to the trial court for further proceedings consistent with this opinion.


_s/Robert L. Holloway, Jr._
ROBERT L. HOLLOWAY, JR., JUDGE